THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

GS HOLISTIC, LLC, :

    Plaintiff, :

                                Case No. 3:23-cv-351

v. :

                                Judge Walter H. Rice

QS JORDAN DISCOUNT INC.,         Mag. Judge Michael R. Merz
d/b/a SHOOTING STARS :
SMOKE SHOP, *et al.*,

    Defendants.

---

ORDER SUSTAINING PLAINTIFF GS HOLISTIC, LLC'S MOTION TO STRIKE AFFIRMATIVE DEFENSES (DOC. #17); FIFTH AND SIXTH DEFENSES RAISED IN THE ANSWER OF DEFENDANTS QS JORDAN DISCOUNT INC., d/b/a SHOOTING STARS SMOKE SHOP, AND QUSAI ALTHENAT (DOC. #16) ARE STRICKEN

---

This case is before the Court on Plaintiff GS Holistic's Motion to Strike the Affirmative Defenses of Defendants QS Jordan Discount In., d/b/a Shooting Stars Smoke Shop, and Qusai Althenat. (Motion to Strike, Doc. 17). On November 27, 2023, Plaintiff filed its Complaint against Defendants. (Doc. #1). Defendants filed an Answer on June 18, 2025. (Doc. #16). Therein, Defendants raised six affirmative defenses. (*Id.* at PAGEID 77). On July 9, 2025, Plaintiff moved to strike the Fifth and Sixth Defenses—failure to join necessary or indispensable parties, and a reservation of the right to raise additional defenses, respectively. (Doc. #17, PAGEID 80, 83-84, citing Doc. #16). Defendants did not file a memorandum

*contra*, and the time for doing so has expired. S.D. OHIO CIV.R. 7.2(a)(2). The matter is ripe for decision.

## I. Legal Standards

On its own or on motion from a party, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED.R.CIV.P. 12(f). A district court should strike affirmative defenses if "it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense and are inferable from the pleadings." *Operating Eng'rs Local 324 Health Care Plan v. G&W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (internal quotations and citation omitted). "The function of the motion is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with them early in the case." *Id.* (internal quotation marks omitted), quoting *Kennedy v. City of Cleveland*, 797 F.2d 297, 305 (6th Cir. 1986). However, "[m]otions to strike are viewed with disfavor and are not frequently granted." *Id.*, citing *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953).

## II. Analysis

As to the Fifth Defense, Failure to Join, Plaintiff argues that "Defendants do not provide who the necessary parties are and why it is necessary to join them in the litigation. Therefore, the defense of failure to join necessary parties is legally deficient and not applicable as a matter of law, and should be stricken." (Doc. #17, PAGEID 83, citing *Pough v. DeWine*, No. 2:21-cv-880, 2022 WL 2437140, *3-4

2

(S.D. Ohio Jul. 5, 2022) (Gentry, Mag. J.), *report and recommendations adopted at* 2022 WL 2955010, *1 (S.D. Ohio Jul. 26, 2022) (Watson, J.)). As this Court noted in *Pough*, "[t]he mere fact that other persons may be liable to Plaintiff, as in the case of joint tortfeasors, does not make them necessary parties." 2022 WL 2437140, *3, citing *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 204 (6th Cir. 2001); *see also Temple v. Synthes Corp.*, 498 U.S. 5, 7-8 (1990) (*per curiam*) ("it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit.").

Moreover, a reasonable reading of Plaintiff's Complaint reveals Plaintiff's belief that Defendants are responsible for the entire loss that Plaintiff allegedly suffered. There is no indication from the Complaint, Answer, or any other filing that Plaintiffs or Defendants think that there is an unidentified party that may have been involved in the subject matter of the litigation. Also, Defendants are not prejudiced by striking the defense; if they think that a third party is responsible for Plaintiff's injury, then they are welcome to implead that party. FED.R.CIV.P. 14. However, there is nothing in the pleadings that permits the Court to infer any possibility of success with Defendants raising this defense, and Plaintiff's Motion to Strike must be sustained as to the Fifth Defense.

As to the Sixth Defense, Reservation of the Right to Assert Additional Defenses, Plaintiffs argue that such a reservation cannot be made under Rule 8(c). (Doc. #17, PAGEID 83-84). Indeed, this Court and others have consistently held that reserving the right to raise additional defenses is not itself an affirmative defense. *See, e.g.*, *Kohler v. Staples the Office Superstore, LLC*, 291 F.R.D. 464,

3

473 (S.D. Cal. 2013); *Artisan Estate Homes, LLC v. Hensley Custom Bldg. Grp., LLC*, No. 1:19-cv-566, 2022 WL 2915586, *9 (S.D. Ohio Jul. 25, 2022) (Black, J.); *Paducah River Painting, Inc. v. McNational Inc.*, No. 5:11-cv-135-R, 2011 WL 5525938, *5 (W.D. Ky. Nov. 14, 2011) (collecting cases). The undersigned agrees with these courts and Plaintiff that, if Defendants seek to raise an additional defense later in the litigation, they must do so pursuant to the strictures and liberal standard of Rule 15. Thus, the Sixth Defense is precluded as a matter of law, and Plaintiff's Motion to Strike is also well-taken as to that defense. 291 F.R.D. 464

For the foregoing reasons Plaintiff's Motion to Strike (Doc. #17) is SUSTAINED. The Fifth and Sixth Defenses in Defendants' Answer (Doc. #16, PAGEID 77) are hereby ordered STRICKEN.

IT IS SO ORDERED.

September 2, 2025

*Walter H. Rice*
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

4